# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TONY OTERO, Personal Representative
of the estate of Jerry Romero,

      Plaintiff,

  vs.                                  CIVIL NO. 99-665 MV/RLP

RONALD L. LYTLE, Warden,
Southern New Mexico Correctional
Facility, LUPE MARSHALL, Assistant
Warden, Southern New Mexico Correctional
Facility, ARTHUR CULPEPPER, Medical
Director, Southern New Mexico Correctional
Facility, BALARJ S. DHILLON, an
employee/agent of Southern New Mexico
Correctional Facility, JANE 1-10 DOES,
Medical Staff at Southern New Mexico
Correctional Facility, and JOHN 1-1- DOES,
Medical Staff at Southern New Mexico
Correctional Facility,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on four motions. The court has considered the Defendants' Motion to Exclude Dr. Todd Eisner as an Expert Witness for Plaintiff, Motion to Compel Responses to Discovery, Motion to Exclude Crispin Jaramillo and Garcia as Witnesses and for Sanctions **(Docket No. 82),** and the Plaintiff's Motion to Amend Admissions **(Docket No. 85)**. In addition to considering the motions, the court has considered the memoranda in support of and in opposition to these motions. For the reasons set forth below, the court **grants in part and denies in part** the Defendants'

Motion to Exclude Dr. Todd Eisner as an Expert Witness for Plaintiff, Motion to Compel Responses to Discovery, and the Motion to Exclude Crispin, Jaramillo and Garcia as Witnesses and for Sanctions; the court **denies** Plaintiff's Motion to Amend Admissions.

The pending motions paint a picture of a very difficult case in the discovery phase of its life. The case has been made difficult primarily because of the non-resident attorneys who represent Plaintiff and their failure to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico. Discovery in this case has been a struggle for the defense counsel on an almost daily basis. In fact, the court noted Plaintiff's failures in some detail on one occasion during a telephone conference call to discuss discovery disputes. The court notes the following mistakes by Plaintiff's counsel:

1. Late submission of initial disclosures;

2. Late submission of the provisional discovery plan;

3. Late submission and an incomplete submission of the calculation of damages required pursuant to Fed.R.Civ.P. 26(a)(1);

4. Incomplete expert witness reports;

5. Untimely responses to requests for admissions, interrogatories and responses to requests for production;

6. Multiple failures to follow the motion packet rule in violation of D.N.M.LR-Civ. 7.3; and

7. Multiple and continued violation of D.N.M.LR-Civ. 83.3 when attorney Sharon Preston appeared for a telephonic hearing before the court not

having been properly admitted to practice before the court.

The above list does not truly capture the disregard for rules of procedure or the disregard for common courtesy.  For instance, the motion papers are replete with references to requests made by Defendants to schedule discovery that were either negligently not responded to in a timely fashion or purposefully ignored.  There can be no doubt that Plaintiff's counsel's failure to follow almost all of the rules of discovery was purposeful.  This constitutes a pattern and practice of avoiding discovery obligations at almost every opportunity.  Having to deal with counsel who have almost no respect for the rules makes the practice of law not only difficult, but tedious and harmful to the long term practice of law itself.

With the above in mind the court will address each motion separately.

### MOTION TO EXCLUDE DR. TODD EISNER AS AN EXPERT WITNESS FOR PLAINTIFF, MOTION TO COMPEL RESPONSES TO DISCOVERY, MOTION TO EXCLUDE CRISPIN, JARAMILLO AND GARCIA AS WITNESSES AND FOR SANCTIONS

Defendants request that the court require Plaintiff to disclose his theory regarding damages and disclose those documents in support of his damage theory.  See Fed.R.Civ.P. 26(a)(1)(C).  Further, Defendants request that Dr. Eisner be excluded as an expert because of the violations outlined above.  Defendants also request that the witnesses Crispin, Jaramillo and Garcia be excluded as witnesses because of the failure to disclose their whereabouts prior to the discovery cut-off date.  Lastly, Defendants request that Plaintiff be ordered to respond to Dr. Dhillon's Second Set of Interrogatories and Request for Production of Documents because they have not done so within 30 days

3

as required by Fed.R.Civ.P. 33(b)(3).

The sanctions Defendants request for Plaintiff's intentional violation of the Federal Rules of Civil Procedure and the local rules of court are covered under Fed.R.Civ.P. 37. The most recent case from the Tenth Circuit discussing sanctions is *Woodworker's Supply, Inc. v. Principal Life Insurance Co.,* 170 F.3d 985, 993 (10th Cir. 1999).  This was an unfair trade practices and fraud case filed against a health insurance company based upon allegations of deceptive premium setting practices. The plaintiff had not disclosed a theory it argued to the jury on damages and the defendant argued that the court should exclude plaintiff's evidence of damages because of a violation of Fed.R.Civ.P. 26(a)(1)(C). In pertinent part, this rule requires that each party provide::

> "a computation of any category of damages claimed by that disclosing party. . ."

Pursuant to the advisory committee note to the 1993 Amendment, a failure to disclose can result in exclusion at trial. At trial, the plaintiff for the first time argued its damage theory. Although the defendant objected to evidence of this damage theory at trial because of non-disclosure, the trial judge overruled the objection, in affirming the trial judge's ruling, the Tenth Circuit outlined the four factors the district court should consider when considering the sanction of exclusion of evidence. The factors the Tenth Circuit recognized that should be considered are as follows:

1. Prejudice or surprise to the party against whom the evidence is offered;

2. The ability of the party to cure the prejudice;

3. The extent to which introducing such evidence would disrupt the trial; and

    4.    The moving party's bad faith or willfulness.

With these factors in mind, the court will consider each sanction requested by Defendants separately.

**1.**    **Sanctions Against Plaintiff in Failing to Disclose Damage Theory**

The court finds that there has been prejudice to the defendants in Plaintiff's failure to comply with Fed.R.Civ.P. 26(a)(1)(C). However, in analyzing the second factor, namely the ability of the party to cure the prejudice, the court finds that an order directing Plaintiff to particularize its damage theory would cure the prejudice. Therefore, the court is ordering Plaintiff to disclose its complete damage theory with supporting documentation no later than **September 8, 2000.** Once this additional disclosure is made to Defendants, if Defendants feel they need to reopen discovery to properly discover other facts behind Plaintiff's damage theory, they shall be allowed to do so within 30 days of the disclosure made by Plaintiff. Further, any discovery entertained within this 30 day period will be at Plaintiff's expense. The expenses covered by this ruling are all expenses associated with the court reporting relating to any depositions that need to be taken.

**2.**    **The Request that Dr. Eisner be Excluded as an Expert**

There is no doubt that the expert witness rule was violated by Plaintiff. However, any prejudice that was suffered by Defendants, was cured when Defendants took the deposition of Dr. Eisner. The deposition of Dr. Eisner presented the opportunity to Defendants to cure any prejudice suffered as a result of Plaintiff's violation of the rule regarding the previous cases in which Dr. Eisner had provided expert testimony. The court declines the request to exclude Dr. Eisner as an expert.

3. **The Exclusion of Witnesses Crispin, Jaramillo and Garcia**

Plaintiff failed to disclose the whereabouts of three witnesses he listed as witnesses that may be called to testify at the time of trial. As a result, the depositions of these witnesses were not taken. Therefore, the court will exclude those witnesses as Plaintiff's witnesses at the time of trial, if those witnesses cannot be deposed prior to trial within the 30 day period outlined above for additional discovery relating to damages. Therefore, Plaintiff is ordered to disclose the exact whereabouts of witnesses Crispin, Jaramillo and Garcia no later than **September 8, 2000**. Within 30 days of this disclosure, Defendants shall be allowed to take the deposition of each of these witnesses. Once again, the deposition related costs will borne by Plaintiff.

4. **Dr. Dhillon's Second Set of Interrogatories and Request for Production**

Plaintiff is directed to answer the Second Set of Interrogatories and Request for Production of Documents no later than September 8, 2000. Further, Defendants are awarded their attorney's fees and costs for having to bring this motion relating to all of the discovery rule violations outlined hereinabove. The court awards the amount of $1,500.00 in attorney's fees and costs to Defendants related to the instant motion.

**MOTION TO AMEND ADMISSIONS**

On May 1, 2000, Defendants Culpepper and Dhillon forwarded their First Set of Requests for Admission to Plaintiff by first class mail and by facsimile. On June 1, 2000, Defendants received a fax from Attorney Sharon Preston, indicating that Plaintiff would respond to the First Set of Requests for Admission by June 6, 2000. On June 2, 2000 counsel for Defendants sent a letter to Plaintiff indicating that she did not agree to an

extension of time to respond to the Requests for Admissions. On June 7, 2000, Defendants received a facsimile of Plaintiff's answers to their Requests for Admissions along with Plaintiff's certificate of service indicating that service was on June 6, 2000, rather than the actual service date of June 7, 2000. Hence, it is without contradiction that the response to Requests for Admissions pursuant to Rule 36 was served late.

Failure to respond to a request for admission in a timely fashion is deemed an admission. *Walsh v. McCain Foods, Ltd.,* 81 F.3d 722, 726 (7th Cir. 1996). Any matter that is admitted is conclusively established unless the court, on a motion, permits withdrawal or amendment of the admission. Pursuant to Fed.R.Civ.P. 36(b) the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved and the party who obtained the admission fails to satisfy the court that withdrawal or an amendment will prejudice that party in maintaining the action for defense on the merits.

The court has reviewed in detail the 113 specific factual admissions directed to Plaintiff. These Requests for Admissions were taken in large part from the medical records. The Requests for Admissions cover only specific facts on specific days relating primarily to medical care. The Requests for Admission do not address legal theories and are directed only at facts. In light of the constellation of discovery violations outlined hereinabove, the fact that the court specifically finds that Defendants would be prejudiced if withdrawal of these admissions is allowed, and given the fact that the court would necessarily have to completely reopen the wide range of discovery in this case in order to avoid this prejudice, the court denies the motion to amend admissions and directs that

the 113 factual admissions are hereby deemed admitted should they be relevant at the time of trial.

**IT IS THEREFORE ORDERED** that the Motion to Exclude Dr. Todd Eisner as an Expert Witness for Plaintiff, Motion to Compel Responses to Discovery, Motion to Exclude Crispin, Jaramillo and Garcia as Witnesses and for Sanctions is granted in part and denied in part as reflected hereinabove.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend Admissions is denied.  The 113 factual admissions are hereby deemed admitted and may be introduced at the time of trial should they be relevant to any disputed facts material to the issues at trial.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Kenneth A. Gleria, Esquire - Attorney for Plaintiff
Kenneth R. Brown, Esquire - Attorney for Plaintiff
Debra J. Moulton, Esquire - Attorney for Defendants