IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY OTERO, Personal Representative
of the estate of Jerry Romero,

    Plaintiff,

vs.

    No. CIV 99-665 MV/RLP

RONALD L. LYTLE, Warden, Southern
New Mexico Correctional Facility, LUPE
MARSHALL, Assistant Warden,
Southern New Mexico Correctional
Facility, ARTHUR CULPEPPER,
Medical Director, Southern New Mexico
Correctional Facility, BALARJ S.
DHILLON, an employee/agent of
Southern New Mexico Correctional
Facility, JANE 1-10 DOES, Medical Staff
at Southern New Mexico Correctional
Facility, and JOHN 1-1-DOES, Medical
Staff at Southern New Mexico
Correctional Facility

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Magistrate Court's Order Entered filed August 29, 2000 **[Doc. No. 94]**. The Court, having considered Plaintiff's objection, Defendant's response, the relevant law, and being otherwise fully informed, finds that the objection is not well-taken and the Magistrate Court's August 29, 2000 Order will be **UPHELD in part and OVERRULED in part**.

### BACKGROUND

Plaintiff Tony Otero, as personal representative of Jerry Romero, now deceased, brought

this action against the Warden, Assistant Warden and various employees of the Southern New Mexico Correctional Facility ("SNMCF"), seeking damages for committing acts under color of state law which deprived Mr. Romero of rights secured by the Eighth Amendment to the United States Constitution. Plaintiff was a prisoner at SNMCF. Over a period of several months, plaintiff claims that defendants acted with deliberate indifference to his medical needs and failed to provide adequate medical care and pain relief.

The instant objection to Magistrate Puglisi's Order of August 29, 2000 concerns the imposition of sanctions against Plaintiff for failing to comply with various discovery obligations. Magistrate Puglisi imposed sanctions of $1,500 in attorneys' fees and costs against Plaintiff for Defendant's costs in bringing the Motion to Award Sanctions. Magistrate Puglisi found that Plaintiff's counsel's failures included: late submission of initial disclosures; late submission of the provisional discovery plan; late submission of the calculation of damages; incomplete expert witness reports; untimely responses to requests for admissions, interrogatories and responses to requests for production; failure to follow motion packet rule; and violation of D.N.M.LR-Civ. 83.3 when attorney Sharon Preson appeared before the Court not having been properly admitted to practice before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) addresses a magistrate judge's ruling on a nondispositive matter. Rule 72(a) provides, in part, that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  "A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, [and] the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp*, 142 F.R.D. 683, 684-85 (D. Kan. 1992). "Courts have consistently found routine discovery motions to be nondispositive within the meaning of Rule 72(a)." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D. W. Va. 1994).

## ANALYSIS

Magistrate Judge Puglisi awarded the Defendant attorneys' fees in bringing the motions for the discovery violations that he found were committed by Plaintiff's counsel.  Pursuant to Federal Rule of Civil Procedure 37, a Court may impose sanctions for the failure to comply with discovery obligations:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. Proc. 37(a)(2)(A).  A court may also award sanctions for a failure to disclose information required by Rule 26.  *See* Fed. R. Civ. Proc. 37(c).  Whether to impose sanctions under Rule 37 is a matter of discretion. *See Willner v. University of Kansas*, 848 F.2d 1023, 1030 (10th Cir. 1988), *cert. denied*, 488 U. S. 1031( 1989).

The Court cannot say that Magistrate Puglisi abused his discretion in awarding Defendants' costs against Plaintiff's counsel.  The Court is sympathetic to the reasons given by Plaintiff's counsel's, in his Objections to Magistrate Puglisi's August 29, 2000 Order, as to his

failure to provide discovery. It is unfortunate that Plaintiff's counsel lengthy submission of facts to this Court in his Objections to Magistrate Puglisi's Order was not submitted to Magistrate Puglisi. Plaintiff's Response to Defendant's Motion for Sanctions did not fully set forth the reasons for his failures to comply, or the full picture of the discovery dispute, which was not accurately represented by Defendant's counsel. The reasons given by Plaintiff's counsel for his failures to comply with discovery procedures do seem reasonable, and it appears that Defendants' counsel was not completely forthcoming with Magistrate Puglisi about what she had and had not received from Plaintiff's counsel. It appears that, as Plaintiff's counsel stated, both parties were at fault in the discovery process. However, this Court, at this stage, does not review the factual allegations underlying the dispute between the parties de novo, but reviews the Magistrate's decision for an abuse of discretion and his findings of fact to determine whether they were clearly erroneous. Magistrate Puglisi was dealing with the parties through the discovery process, and his determination of the parties' conduct is accorded great deference. The Court cannot say that his decision to award sanctions was an abuse of discretion or that his findings of fact were clearly erroneous.

 While the imposition of sanctions, generally, will be upheld, the Court finds that the amount must be overruled. Defendant's counsel did not submit, and Magistrate Puglisi did not determine, the basis upon which the $1,500 in attorneys' fees and costs was awarded. Not only is there no basis to determine this amount on the record, but this amount is excessive. It is unlikely that Defendant's counsel spent $1,500 of attorney's time in preparing the motion relating to the discovery abuses. Therefore, this Court will direct Defendant's counsel to submit an affidavit of costs to this Court within five working days of this Court's Order, and Plaintiff's counsel to file a response within 10 working days of this Court's Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate Court's Memorandum, Opinion and Order, filed August 29, 2000 **[Doc. No. 94]** is not well taken and that the Magistrate's Memorandum, Opinion and Order will be **UPHELD in part and OVERRULED in part**.

Dated this 6th day of February, 2001.

_____
Martha Vázquez
United States District Judge

Attorney for Plaintiff:
    Kenneth Brown

Attorney for Defendants:
    Debra Moulton