IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY OTERO, Personal Representative
of the estate of Jerry Romero,

    Plaintiff,

vs.

                                No. CIV 99-665 MV/RLP

RONALD L. LYTLE, Warden, Southern
New Mexico Correctional Facility, LUPE
MARSHALL, Assistant Warden,
Southern New Mexico Correctional
Facility, ARTHUR CULPEPPER,
Medical Director, Southern New Mexico
Correctional Facility, BALARJ S.
DHILLON, an employee/agent of
Southern New Mexico Correctional
Facility, JANE 1-10 DOES, Medical Staff
at Southern New Mexico Correctional
Facility, and JOHN 1-1-DOES, Medical
Staff at Southern New Mexico
Correctional Facility

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's counsel's Affidavit in Support of an Award of Attorneys' Fees. The Court, having considered Plaintiff's objection, Defendant's affidavit, the relevant law, and being otherwise fully informed, finds Defendant's counsel should be awarded $450 in attorneys' fees.

### BACKGROUND

Plaintiff Tony Otero, as personal representative of Jerry Romero, now deceased, brought this action against the Warden, Assistant Warden and various employees of the Southern New

Mexico Correctional Facility ("SNMCF"), seeking damages for committing acts under color of state law which deprived Mr. Romero of rights secured by the Eighth Amendment to the United States Constitution. Plaintiff was a prisoner at SNMCF. Over a period of several months, plaintiff claims that defendants acted with deliberate indifference to his medical needs and failed to provide adequate medical care and pain relief.

Magistrate Puglisi imposed sanctions against Plaintiff for failing to comply with various discovery obligations. Magistrate Puglisi imposed sanctions of $1,500 in attorneys' fees and costs against Plaintiff for Defendant's costs in bringing the Motion to Award Sanctions. This Court upheld Magistrate Puglisi's order despite Plaintiff's objection. However, this Court found that the award of $1,500 in fees was unreasonable because Defendant's counsel did not provide the basis for the amount, and that it was excessive. This Court ordered Defendant's counsel to provide an affidavit outlining her costs.

## ANALYSIS

When examining an attorney's fee claim, the district court should examine the hours spent on each task to determine the reasonableness of the hours reported. *See Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir.1983) (reviewing award of attorney's fees under 42 U.S.C. § 1988)). "It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Ramos*, 713 F.2d at 553 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891(D.C. Cir. 1980) (en banc)). To satisfy this burden, "counsel, of course, is not required to record in great detail how each minute of his time was expended, but at least counsel should identify the general subject matter of his time expenditure." *Hensley*, 461 U.S. at 437 n.12. However, "the

party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended [and] the nature and need for the service . . . ." *Id*. at 441 (Burger, C.J., concurring). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 434; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324 (court may reduce number of hours awarded if documentation is vague or incomplete).

Ms. Moulton reports that she and her paralegal expended a total of 23 hours preparing the motion to compel, incurring a total of $1,620.00 in expenses. Ms. Moulton's time records, however, make it extremely difficult for the Court to evaluate the nature of and need for the time expended. Most of the entries are vague references to "draft motion," "review motion," "revise motion." These entries are simply too vague and prevent the Court from being able to determine if the time was reasonably expended. Additionally, reasonable attorneys' fees are not necessarily all of those hours expended, but only those reasonably expended. The Court finds that 23 hours to prepare a motion to compel is unreasonable. The motion contains only three pages of legal analysis, most of which simply restated the Rules of Civil Procedure. The motion is also not a complicated one, requiring hours of research and preparation.

For the above-stated reasons, a reduction of time is warranted. Rather than disallow hours on an item by item basis, the Court finds that three hours of Ms. Moulton's time and three hours of her paralegal's time is reasonable. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (finding that district court was not required to "identify and justify each disallowed hour" and instead may make a general reduction of hours) (citations omitted). The Magistrate awarded attorneys' fees for the preparation of the motion to compel, not for any expenses. Therefore, the 0.1 hour spent drafting a letter to Ken Brown regarding answers to

interrogatories will not be allowed.  The Court believes that Ms. Moulton's rate of $100 per hour is reasonable as is her paralegal's rate of $50 per hour.

**IT IS THEREFORE ORDERED** that Defendant's counsel is awarded $450 in attorneys' fees.

Dated this 3rd day of June, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Kenneth Brown

Attorney for Defendants:
    Debra Moulton